UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVODIO GARCIA | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-3010 |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND RAFAEL ANGEL MANCILLAS | § | |
| *Defendants* | § | |

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit which is currently pending in the County Court at Law No. 3, Harris County, Texas, Cause No. 1097326, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### I.
### BACKGROUND

1.   On August 14, 2017, Plaintiff filed his Original Petition styled *Evodio Garcia v. Allstate Vehicle and Property Insurance Company and Rafael Angel Mancillas,* in the County Court at Law No. 3, Harris County, Texas, Cause No. 1097326, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy. *See Plaintiff's Original Petition,* Exhibit A.

2.   Plaintiff's lawsuit against Allstate arises from property damage to his home alleged to be caused by a storm occurring on March 29, 2017. *Id.* ¶ 11.

{00382199}

3. Plaintiff affirmatively pleads for relief of "less than $100,000" and states that a jury will "ultimately determine the amount of monetary relief actually awarded." *Id.*, ¶ 66.

4. Plaintiff served Allstate with Plaintiff's Original Petition and process on August 10, 2017, by certified mail on its registered agent. *See* Exhibit B.

5. Plaintiff filed Plaintiff's Nonsuit Defendant Rafael Angel Mancillas on September 11, 2017. *See* Exhibit C.

6. The State Court entered an Order on Plaintiff's Nonsuit on September 15, 2017, nonsuiting with prejudice the claims against Rafael Angel Mancillas. *See* Exhibit D.

7. Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA") and breach of common law duty of good faith. *See* Exhibit A, ¶¶ 29-52.

8. Defendant Allstate did not file an answer in State Court.

9. The State Court's Record Search including Case History for this matter is attached herein. *See* Exhibit E.

## II.
## GROUNDS FOR REMOVAL

10. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the removal. Further, Defendant would show the amount in controversy, exclusive of interest and costs exceeds $75,000.00, as evidenced by Plaintiff's Original Petition.

### A. Parties are Diverse

11. Plaintiff, Evodio Garcia, is a natural person who reside in Harris County, Texas. *See Exhibit A,* ¶ 2. Plaintiff has not pled any other facts of his residency, intention to leave Texas, or

domiciles in other states. *Id.* Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

12. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principle place of business in Northbrook, Cook County, in the State of Illinois. Defendant Allstate is thus a citizen of the State of Illinois.

13. Defendant Rafael Angel Mancillas is an adjuster who has been non-suited with prejudice. *See* Exhibit D. As such, at the time of removal there is complete diversity of the parties, as the citizenship of Mancillas does not need to be considered. Accordingly, diversity of citizenship exists among the parties.

### B. Amount in Controversy

14. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

### a. *Plaintiff's Petition*

15. Here, Plaintiff's petition is facially apparent that he is seeking damages greater than $75,000.00. Plaintiff's petition seeks to recover actual damages, mental anguish, three times actual damages, exemplary damages, eighteen (18) percent interest per annum, compensatory damages, and reasonable and necessary attorney's fees. *See* Exhibit A, ¶¶ 58-65. Plaintiff's pleading includes a claim for relief, which states, in relevant part:

> ...Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

Exhibit A, ¶ 66.

16. While Texas Rule of Civil Procedure prohibits a plaintiff from declaring a specific amount in controversy, it is clear that Plaintiff's pleading expressly allows for a judgment and recovery in excess of $75,000.00. *See Id.* Further, Plaintiff has not pled damages below $75,000.00 nor has he included any binding stipulation indicating he will not accept an award in excess of $75,000.00. *See Id.*

### b. *Plaintiff's Property Value*

17. Further indication of the value of the underlying claim is the value of the property in dispute. The insured property, identified as 9346 Golden Wood Lane, Houston, Texas 77086, is appraised by Harris County Appraisal District at $108,016 as of January 1, 2017. *See* Exhibit E.

18. Taking into consideration the value of Plaintiff's property, Plaintiff's pleading seeking monetary relief less than $100,000 and the claim for damages for breach of contract, statutory penalties, attorney's fees, additional damages, and compensatory damages it is clear the amount in controversy exceeds $75,000.00.

## III.
### REMOVAL IS PROCEDURALLY PROPER

19.  This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

20.  Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Harris County, Texas, the place where the State Court suit was filed.

21.  Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

22.  Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Harris County Civil Court at Law No. 3.

## IV.
### ATTACHMENTS

23.  Pursuant to 28 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendant includes with his notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet
- Exhibit A:    Plaintiff's Original Petition
- Exhibit B:    Service of Process Transmittal
- Exhibit C:    Plaintiff's Nonsuit Against Defendant Rafael Angel Mancillas
- Exhibit D:    Order on Plaintiff's Nonsuit
- Exhibit E:    State court docket sheet
- Exhibit F:    Plaintiff's Property Value with Harris County Appraisal District
- Exhibit G:    Index of matters being filed

- Exhibit H: List of all counsel of record

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this case against him for the reasons set forth above, and grant Defendant any such other and further relief to which he may be justly entitled.

Respectfully submitted,

By: /s/ Robert E. Valdez
**Robert E. Valdez**
State Bar No.20428100
S.D. Tex. Bar No. 9816
revaldez@valdeztrevino.com

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

*Attorney for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on October 9, 2017, in the manners prescribed below:

Matthew Zarghouni                                              *via e-Service*
ZAR LAW FIRM
7322 Southwest Freeway, suite 1965
Houston, Texas 77074
*Counsel for Plaintiff*

/s/ Robert E. Valdez
Robert E. Valdez