UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EVODIO GARCIA** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-3010 |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** | § § § § | Jury Trial Demanded |
| *Defendants* | § § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Evodio Garcia ("Plaintiff") file this **Plaintiff' First Amended Complaint** against Allstate Vehicle and Property Insurance Company ("Defendant") for causes of action. In support thereof, Plaintiff would respectfully show the following:

### I.   PRELIMINARY STATEMENT

1.1   This is an insurance coverage lawsuit, in which Plaintiff (the insured) asserts claims for breach of contract, violation of the Prompt Payment of Claims Statute, violation of the Unfair Settlement Practices/Bad Faith, violation of the Texas Deceptive Trade Practices Act ("DTPA"), and for Breach of Duty of Good Faith and Fair Dealing. Defendant has refused to honor its obligations to Plaintiff under the policy, which fall plainly within the scope of coverage under its insurance policy. Plaintiff is therefore compelled to file this lawsuit.

### II.   PARTIES

2.1.   Plaintiff Evodio Garcia, is an individual residing in Harris County, Texas.

2.2.   Defendant is an insurance company doing business in Texas and has appeared and filed its answer.

### III. JURISDICTION

3.1     Defendant removed this case from the County Court at Law No. 3, Harris County, Texas, Cause No. 1097326, to the United States District Court for the Southern District of Texas, Houston Division on October 9, 2017.

### IV. VENUE

4.1     Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent set forth in the applicable insurance contract have been performed or have occurred, as required by Federal Rule of Civil Procedure 9(c). Plaintiff's loss resulted from a storm event, and Plaintiff brought this action within two years of the date Defendant refused to provide coverage under the policy. Plaintiff is not required to separate damages because the alleged damage is not preexisting, and the alleged damage arose from a single event.

### VI. FACTS APPLICABLE TO ALL COUNTS

6.1     The applicable policy—no. 000838009600 (the "Policy")— was issued to Plaintiff by Defendant. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 9346 Golden Wood Lane, Houston, Texas 77086 (the "Property").

6.2     On or about March 29, 2017, during the policy period, a storm caused damage to the Property. The storm caused extensive damage to the Property, including but not limited to damage to the roof and exterior of the Property.

6.3	Shortly after the storm, Plaintiff noticed damage to the Property. Plaintiff contacted Defendant to notify Defendant of the damage.

6.4	Plaintiff submitted a claim—no. 0457795218 PLT ("the Claim")—to Defendant under the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

6.5	Plaintiff asked that Defendant honor its contractual obligations to cover the cost of repairs to the Property.

6.6	Defendant assigned an adjuster ("Allstate's Adjuster") to adjust the Claim. Defendant and its adjuster conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Allstate's Adjuster failed to fully inspect all damage to the Property.

6.7	Despite obvious, visible storm-related damage, Allstate's Adjuster, on his own behalf and on behalf of Defendant verbally misrepresented to Plaintiff at the time of the inspection and thereafter that the Property had only minimal, non-covered damage. Allstate's Adjuster repeated this misrepresentation, again on his own behalf and on behalf of Defendant in a claim resolution letter dated June 8, 2017, wherein Allstate's Adjuster stated, "[w]e have carefully reviewed the information about your loss that was reported to us, as well as the policy provisions that apply to this claim. Based on this review, we were unable to provide coverage for your claim. Our investigation revealed the irregularities on the roof sheathing is not sudden and accidental or storm related and not a covered/peril in your policy." These representations constitute misrepresentations of both fact—the extent and cause of damage—and law—the coverage of said damage.

6.8     Together, Defendant and Allstate's Adjuster set out to deny covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Notably, on July 3, 2017, Plaintiff, who has no experience or expertise in roofing, sought out and obtained a more accurate assessment of damages that revealed thousands of dollars-worth of storm-related damage to Plaintiff's Property.

6.9     Defendant failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

6.10    Even though the Property sustained obvious damage caused by a covered occurrence, Defendant and Allstate's Adjuster misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

6.11    Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

6.12    Defendant refused to adequately compensate Plaintiff's claim under the terms of the Policy, and it failed to conduct a reasonable investigation of the Claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

6.13   Defendant failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

6.14   Defendant failed to timely acknowledge Plaintiff's claim, begin an investigation of the Claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the Claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

6.15   Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

6.16   Defendant delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

6.17   Since the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Defendant has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the Claim. This conduct is a violation of Defendant's duty of good faith and fair dealing.

6.18   Defendant and Allstate's Adjuster knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant and Allstate's Adjuster knowingly concealed all or part of material information from Plaintiff.

6.19   To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendant's actions

described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## VII. CAUSES OF ACTION

7.1 Plaintiff incorporates the allegations set forth in the foregoing paragraphs as if set forth in full in each cause of action that follows.

### 7.2 COUNT 1 - BREACH OF CONTRACT

7.3 Defendant had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

7.4 Defendant is therefore liable to Plaintiff for breach of contract.

### 7.5 COUNT 2 - PROMPT PAYMENT OF CLAIMS STATUTE

7.6 Plaintiff's claim is a claim under an insurance policy with Defendant, of which Plaintiff gave Defendant proper notice. Defendant is liable for the claim.

7.7 Defendant violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

7.8 Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Defendant reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

Plaintiff's First Amended Complaint

6

7.9     Defendant is therefore liable to Plaintiff for damages. In addition to Plaintiff' claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

**7.10    COUNT 3 - UNFAIR SETTLEMENT PRACTICES/BAD FAITH**

7.11    Each of the foregoing paragraphs is incorporated by reference here fully.

7.12    As explained further herein, Defendant violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

7.13    Defendant engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Defendant's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for Defendant's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

7.14    Each of the aforementioned unfair settlement practices was committed knowingly by Defendant and was a producing cause of Plaintiff' damages. Defendant is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages. Allstate's Adjuster was a contractor and/or adjuster assigned by Defendant to assist with adjusting the claim. Allstate's Adjuster was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of

the Texas Insurance Code. See *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

7.15   Said adjuster was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

7.16   Allstate's Adjuster conducted a substandard, results-oriented inspection of the Property.

7.17   As such, Allstate's Adjuster failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require. Further, Allstate's Adjuster misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Allstate's Adjuster failed to provide Plaintiff with a reasonable explanation as to why Allstate's Adjuster did not compensate Plaintiff for the covered losses, or the true value thereof.

7.18   Thus, Allstate's Adjuster engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Defendant's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff claim. Each of the aforementioned unfair settlement practices was committed knowingly by Allstate's Adjuster and was a and was approved and conducted at the direction of Defendant, and were the producing cause of Plaintiff's damages.

Allstate's Adjuster is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

### 7.19 COUNT 4 - DTPA VIOLATIONS

7.20 Each of the foregoing paragraphs is incorporated by reference here fully.

7.21 At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, and the products and services form the basis of this action. Defendant has violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") in at least the following respects:

7.22 Defendant represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendant represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff' lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff' claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

Plaintiff's First Amended Complaint

7.23 As a result of Defendant's violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff' damages. Therefore, Defendant is liable to Plaintiff for violations of the DTPA.

7.24 Further, Defendant knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### 7.25 COUNT 5 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

7.26 Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Defendant knew or should have known liability was reasonably clear. Defendant's conduct proximately caused Plaintiff's damages. Defendant is therefore liable to Plaintiff.

### 7.27 COUNT 6 - AGENCY AND RESPONDEAT SUPERIOR

7.28 Whenever in this First Amended Complaint, it is alleged that Defendant, did any act or omission, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### VIII. ATTORNEY'S FEES AND COSTS

8.1 As a direct result of Defendant's wrongful conduct, Plaintiff was required to engage the undersigned as legal counsel to protect Plaintiff's rights afforded by law. Plaintiff has agreed to pay counsel reasonable and necessary attorney's fees, expert witness fees, expenses, and costs of court. Under applicable law, Plaintiff is entitled to recover these fees, expenses, and costs.

## IX.  DAMAGES

9.1  Defendant's conduct as alleged herein caused substantial damage to Plaintiff. At this time, the full extent of Plaintiff's damages is not fully known and will not be known until the underlying lawsuit is concluded.

## X.  JURY DEMAND

10.1  Plaintiff demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XI.  RELIEF REQUESTED

11.1  Plaintiff respectfully requests the following relief:

a. compensatory damages;

b. statutory damages and interest;

c. attorney's fees and costs as determined by this Court;

d. pre- and post-judgment interest at the maximum legal rates; and

e. all other relief the Court deems appropriate.

## XII.  PRAYER

For these reasons, Plaintiff respectfully requests that Plaintiff recover all damages and relief to which Plaintiff is legally and equitably entitled.

[*signature on next page*]

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record on the November 6, 2017, pursuant to the local rules, LR5.3:

*Via E-Service*

Robert E. Valdez
revaldez@valdeztrevino.com
VALDEZ & TREVIÑO ATTORNEYS AT LAW
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248

/s/*Matthew Zarghouni*
Matthew Zarghouni